IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **SYLVIA D. GOMEZ,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-23-821-SM |
| ) | |
| **MARTIN O'MALLEY,** ) | |
| **Commissioner of Social** ) | |
| **Security,** ) | |
| ) | |
| **Defendant.** ) | |

### MEMORANDUM OPINION AND ORDER

Sylvia D. Gomez (Plaintiff) seeks judicial review of the Commissioner of Social Security's final decision that she was not "disabled" under the Social Security Act. *See* 42 U.S.C. § 1383(c)(3). The parties have consented to the undersigned for proceedings consistent with 28 U.S.C. § 636(c). Docs. 6, 7.

Plaintiff asks this Court to reverse the Commissioner's decision and remand the case for further proceedings because the Administrative Law Judge (ALJ) improperly evaluated the medical evidence. Doc. 8, at 4-16. After a careful review of the administrative record (AR), the parties' briefs, and the relevant authority, the Court affirms the Commissioner's decision. *See* 42 U.S.C. § 405(g).[1]

---

[1] Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the AR will refer to its original pagination.

## I. Administrative determination.

### A. Disability standard.

The Social Security Act defines a disabled individual as a person who is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [the claimant's] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

### B. Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of making "a prima facie showing that [s]he can no longer engage in h[er] prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Id.*

    **C.**    **Relevant findings.**

        **1.**    **ALJ's findings.**

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 18-27; *see* 20 C.F.R. § 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found Plaintiff:

(1) had not engaged in substantial gainful activity since June 3, 2021, the application date;

(2) had the severe impairments of COPD, depressive disorder, bipolar, neurocognitive disorders, anxiety, obsessive compulsive disorder, personality and impulse control disorder, and disorders of the gastrointestinal system;

(3) had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4) had the residential functional capacity[2] (RFC) to perform light work, with the following limitations: she can occasionally climb ramps or stairs, never climbing ladders, ropes, or scaffolds; she can occasionally stoop, kneel, crouch, or crawl; she must avoid even moderate exposure to dust, odors, fumes, pulmonary irritants, and poor ventilation; she is able to understand, remember, and carry out simple, routine, and repetitive tasks; she is *able to focus for extended period with routine breaks; able to interact with supervisors and coworkers on a superficial work basis*; she must have no interaction with the general public; *she can respond appropriately to changes in a routine work setting that are*

---

[2]    Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

*gradually introduced, infrequently, with forewarning, and well-explained*; and she must avoid fast-paced production and quota work;

(5) could not perform her past relevant work;

(6) could perform jobs that exist in significant numbers in the national economy, such as cleaner (DICOT 323.687-014), mail clerk (DICOT 209.687-026), and office helper (DICOT 239.567-010); and so,

(7) had not been under a disability since June 3, 2021, the application date.

*See* AR 20-27 (emphasis added).

## 2. Appeals Council's findings.

The Social Security Administration's Appeals Council denied Plaintiff's request for review, *id.* at 1-6, "making the ALJ's decision the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. Judicial review.

### A. Review standard.

The Court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084; *see also Biestek v.*

*Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938))). The Court "remain[s] mindful that '[e]vidence is not substantial if it is overwhelmed by other evidence in the record.'" *Wall*, 561 F.3d at 1052 (alteration in original) (quoting *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005)).

This Court "consider[s] whether the ALJ followed the 'specific rules of law that must be followed in weighing particular types of evidence in disability cases,' but we will not reweigh the evidence or substitute our judgment for the Commissioner's." *Lax*, 489 F.3d at 1084 (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005)). Thus, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Id.* (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

"[T]he failure to apply proper legal standards may, under the appropriate circumstances, be sufficient grounds for reversal independent of the substantial evidence analysis." *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014) (quoting *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994)). But the failure to apply the proper legal standard requires reversal only where the

error was harmful. *Cf. Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (placing the burden to show harmful error on the party challenging an agency's determination).

> **B. Substantial evidence supports the ALJ's RFC assessment.**
>
> > **1. The ALJ properly considered both of the prior administrative mental health medical findings in making the RFC assessment.**

Plaintiff argues that "the ALJ failed to evaluate the medical evidence properly." Doc. 8, at 4. She points to the state agency medical consultant Dr. Lisa Swisher's mental RFC (MRFC) at the initial determination level:

> MRFC Additional Explanation
> Clmt is able to understand, recall, and perform simple tasks (1-2 steps).
> Clmt is able to focus for two hour periods with routine breaks and pace and persist for 8 hour work day and 40 hour work week despite psychological symptoms.
> *Clmt is able to interact appropriately with coworkers and supervisors* to learn tasks, accept criticism, and attend meetings. Clmt is unable to interact appropriately or tolerate contact with the public.
> *Clmt is able to adapt to work setting and some changes in the work setting.*

AR 78 (emphasis added).

Next, Plaintiff points to that state agency's MRFC at the reconsideration level, from Dr. Ryan Scott:

> MRFC Additional Explanation

> Clmt is able to understand, recall and perform simple repetitive tasks. Clmt is able to focus for two-hour periods with routine breaks and pace and persist for 8 hour work day and 40 hour work week despite psychological symptoms. *Clmt is able to interact on a superficial level supervisors and coworkers, but unable to interact appropriately or tolerate contact with the public. Clmt is able to adapt to work setting and some changes in the work setting with forewarning.*

*Id.* at 90 (emphasis added).

Plaintiff correctly notes that Dr. Scott found her "more limited mentally" than did Dr. Swisher. Doc. 8, at 5. She then points to the ALJ's consideration of these assessments:

> State Agency psychologist reviewed the claimant's records and found she was able to understand, recall and perform simple tasks, focus for two hour periods with routine breaks and pace and persist for eight-hour workday and 40-hour work week despite psychological symptoms. She was able to interact appropriately with coworkers and supervisors to learn tasks, accept criticism and attend meetings. She was unable to interact appropriately or tolerate contact with the public. She was able to adapt to work setting and some changes in the work setting. *While the claimant was diagnosed with depressive disorder and anxiety, her mental status examinations were overall within normal limits. Therefore, I am partially persuaded by this opinion.*

*Id.* (emphasis added by Plaintiff) (internal citation omitted) (quoting AR 25).

Plaintiff maintains that the ALJ acknowledged no distinction between the two state agency administrative findings and only cited that of Dr. Swisher.

*Id.* And that he referenced being "partially persuad[ed]" by only a singular opinion. *Id.*

An ALJ must evaluate the prior administrative medical findings of record. *See* 20 C.F.R. § 416.920c(b) ("We will articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in your case record."). "A prior administrative medical finding is a finding, other than the ultimate determination about whether [a claimant] is disabled, about a medical issue made by . . . Federal and State agency medical and psychological consultants at a prior level of review . . . in [the] current claim based on their review of the evidence in [the] case record." *Id.* § 416.913(a)(5) (including statements about the RFC, the existence and severity of impairments and symptoms, whether an impairment meets or medically equals a listing, and how failure to follow prescribed treatment relates to the claim).

In questioning the vocational expert, the ALJ included mental limitations of needing no more than superficial interaction with coworkers and supervisors and only being able to adapt to a work setting with forewarning. AR 62. According to Plaintiff, these limitations echo Dr. Scott's MRFC. Doc. 8, at 8. And the vocational expert concluded she could not identify any jobs with those limitations. AR 62. But the vocational expert identified three jobs in

response to the ALJ's second, tweaked hypothetical: "Can respond appropriately to changes in the routine work setting, which are gradually introduced, infrequent and with forewarning and well-explained and must avoid fast-paced production or quota work." *Id.* at 63-64.

As the Commissioner points out, Dr. Scott's MRFC was actually that Plaintiff was "able to adapt to a *work setting and some changes* with forewarning." Doc. 12, at 7 (emphasis added). The ALJ's revised question to the vocational expert recognized this modification. Although the ALJ referenced only one opinion, he cited both and stated that he considered the "entire record." AR 25, 22; *see also Wall*, 561 F.3d at 1070 ("Where, as here, the ALJ indicates he has considered all the evidence our practice is to take the ALJ at his word."). Given that the RFC assessment tracked Dr. Scott's MRFC, the Court disagrees with Plaintiff's argument that the ALJ somehow rejected Dr. Scott's opinion.

### 2. The ALJ properly considered the supportability of Dr. Scott's prior administrative findings.

Despite Plaintiff's challenges to the propriety of the ALJ's analysis of Dr. Scott's opinion, the Court concludes he adequately explained its supportability and consistency in his decision.

An ALJ considers prior administrative medical findings using five factors: supportability; consistency; relationship with the claimant;

9

specialization; and other factors, such as "a medical source's familiarity with the other evidence in a claim." 20 C.F.R. § 416.920c(c). Supportability and consistency are the most important factors. *Id.* § 416.920c(a).

"Supportability" examines how closely a medical opinion tracks the evidence and the medical source's explanations: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)[,] . . . the more persuasive the medical opinions . . . will be." "Consistency," on the other hand, compares a medical opinion to the other evidence: "The more consistent a medical opinion(s) ... is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." *Zhu v. Comm'r*, 2021 WL 2794533, at \*6 (10th Cir. July 6, 2021).

The ALJ must articulate how persuasive he finds a medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b). In doing so, the ALJ is required to "explain how [he] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings." *Id.*

The ALJ considered Dr. Theresa Horton's mental status examination findings and Plaintiff's testimony about her activities. AR 25. He was partially persuaded by Dr. Horton's opinion. *Id.* As noted, he also considered the state

administrative findings from Drs. Swisher and Scott. *Id.* He noted that "[w]hile [she] was diagnosed with depressive disorder and anxiety, her mental status examinations were overall within normal limits." *Id.* He also articulated that these findings were only partially persuasive. *Id.*

Reviewing the ALJ's opinion as a whole, he also considered Plaintiff's reported activities of daily living. She stated that she can perform household chores, go grocery shopping, play games on the phone, pay bills and reach. *Id.* at 21. She also spends time with friends, family, and lives with friends. *Id.* She engages in social media, drove to Virgnia, watches television, plays games, and fishes. *Id.* at 21, 23. She also handles her self-care and her personal hygiene, and cares for her pets. *Id.*

The ALJ did not expressly announce, with a heading, that he was conducting a consistency or supportability analysis under the controlling regulations. That omission makes it somewhat difficult for this Court to confirm that the ALJ conducted those analyses. But difficult does not mean impossible. The Court can still review the analysis, follow the ALJ's reasoning, and determine whether he applied the correct legal standards *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012) ("Where, as here, [the reviewing court] can follow the adjudicator's reasoning in conducting [its] review, and can determine that correct legal standards have been applied,

merely technical omissions in the ALJ's reasoning do not dictate reversal."). So long as an ALJ describes the analytical reasoning in question, he or she does not have to preface that reasoning with magic words. *See id.*

Here, the Court finds that the ALJ applied the correct legal standards and considered the medical opinion evidence before him in accordance with the operative regulations.

### III. Conclusion.

Based on the above, the Court affirms the Commissioner's decision.

**ENTERED** this 29th day of March, 2024.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE